NEAL's Ex'r. *vs.* FISHER's Adm'r.—June, 1828.

In an action of *assumpsit* where the declaration contained only the money counts, under the general issue, it is no variance, for the plaintiff to give in evidence a promissory note, made payable to him, by a firm, of which the defendant was a partner.

APPEAL from *Baltimore* County Court. This was an action of *assumpsit* for money laid out and expended; for money had and received, and for money lent and advanced, &c. brought on the 19th of February 1823, by the appellant, (the plaintiff in the court below,) against the testator of the appellee, (the defendant in that court.) The defendant pleaded, 1. *Non assumpsit.* 2. *Non assumpsit infra tres annos;* and 3. *Actio non accrevit infra tres annos.* The death of the defendant was suggested at September term 1824, and his executor, (the now appellee) appeared and defended the action; and a rule was laid on the plaintiff to reply to the pleas, pleaded in manner aforesaid, and the cause was continued several terms under that rule. At the trial court, (September 1826,) the plaintiff joined in issue to the *first* plea, and replied generally to the other pleas, on which issues were joined.

At the trial the plaintiff offered in evidence the following note: "*Baltimore*, October 20th 1813. $500. On demand we promise to pay *Ann Mary Fisher* five hundred dollars, value received, with interest.          *Neal, Wills & Cole.*"

The said note was admitted to be drawn and signed by one of the parties thereto; and that *Neal, Wills* & *Cole,* were booksellers and copartners, carrying on business in the city of *Baltimore* under the style of *Neal, Wills* and *Cole;* and that the said *Neal,* one of the said copartners, was the defendant's testator, against whom the original writ in this cause issued. The plaintiff further offered in evidence the following acknowledgment on the back of the said note, (which was admitted to be in the handwriting of, and signed by *Neal,* the defendant's testator:) "July 1st, 1818. Paid Mrs. *Fisher* two hundred dollars, with interest up to this day, leaving a balance due of two hundred dollars on interest till paid.          *Abner Neal.*"

Also that the present plaintiff has obtained letters of administration upon the estate of *Ann Mary Fisher*, the person mentioned as the payee of the note and of the acknowledgment,

who departed this life some years ago; and that the partners dissolved the copartnership in the year 1817. It was admitted that *Wills* and *Cole*, two of the said copartners, are yet living. The defendant then prayed the court to instruct the jury, that the promise proved, being a joint one, and the declaration being upon a several *assumpsit*, that the plaintiff was for such variance not entitled to recover. Which direction the Court [*Hanson*, A.J.] gave to the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, STEPHEN, and ARCHER, J.

*Meredith,* and *Williams,* (District Attorney of *U. S.*) for the Appellant, contended, 1. That the promise relied on in this case was not a joint but a several promise. 2. That even if the promise was joint, the plaintiff below had a right to recover against one of the promissors, being sued alone, and not having pleaded in abatement. They cited *Brown v Warham*, 3 *Harr. & Johns*. 572. *Barry v Foyles*, 1 *Peter's Rep*. 316.

*Gill,* for the Appellee, abandoned the case.

**JUDGMENT REVERSED, AND PROCEDENDO AWARDED.**